

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ELLENOFF GROSSMAN & SCHOLE LPP,**

Plaintiff,

v.  CIVIL ACTION NO. 4:20-cv-68

**TEMPUS APPLIED SOLUTIONS
HOLDINGS, INC.,**

Defendant.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Ellenoff Grossman & Schole LLP's ("EGS") Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(a) and Motion to Dissolve the automatic stay pursuant to Fed. R. Civ. P. 62(a). ECF Nos. 7–8, 9–10.[1]

### I. FACTUAL AND PROCEDURAL HISTORY

EGS, a New York-based law firm that is organized as a limited liability partnership under the laws of that state, provided legal services to Tempus Applied Solutions Holdings, Inc. ("Tempus"), a publicly traded Delaware corporation with its principal place of business in Newport News, Virginia. After the representation, Tempus failed to pay EGS for its legal services. In response, EGS brought suit for the unpaid legal fees in New York state court ("the New York lawsuit"). Tempus failed to answer or otherwise respond to the New York lawsuit. After its failure to appear or otherwise respond, the New York trial court entered a default judgment against Tempus in the amount of $423,343.61 on October 17, 2018.

---

[1] EGS requests a Motion for Default Judgment. However, the allegations in the Complaint do not empower the Court to issue a new default judgment outside of the default judgment previously issued in the New York lawsuit. *See infra* Part III.B. Accordingly, the Court construes EGS's action as a plea to enforce the default judgment in the New York lawsuit.

EGS filed its Complaint in the instant case on May 12, 2020. ECF No. 1. On May 15, 2020, Tempus was served consistent with Fed. R. Civ. P. 4(h)(1)(B). ECF No. 5. Tempus failed to respond to the Complaint within 21 days, as required by Fed. R. Civ. P. 12(a)(1)(A)(i). On June 8, 2020, EGS filed its Request for Entry of Default. ECF No. 6. The Clerk made an Entry of Default pursuant to Fed. R. Civ. P. 55(a) on June 8, 2020. EGS filed its Motion for Default Judgment and Motion to Dissolve on June 30, 2020. ECF No. 7–8, 9–10. Tempus has yet to respond to any of EGS's filings. This matter is ripe for disposition.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Pursuant to Rule 55(a), the Clerk must enter default against a party that "has failed to plead or otherwise defend" against an action. After the Clerk has entered default, a plaintiff may seek a default judgment against a defendant pursuant to Rule 55(b). A court must "exercise sound judicial discretion" when considering whether to enter default judgment, "and the moving party is not entitled to default judgment as a matter of right." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citing *Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.) Inc.*, 486 F. Supp. 2d 496, 502 (E.D. Pa. 2007)). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has expressed "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Default judgment may be appropriate, however, "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

Although a defaulting party admits the factual allegations in the complaint, a court must evaluate the sufficiency of the allegations to determine if the complaint states a cause of action. *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). *See also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The court must...determine whether the well-pleaded allegations in [the] complaint support the relief sought in th[e] action."); *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to plaintiff where plaintiff failed to state a valid claim).

### III. DISCUSSION

In the unanswered Complaint, EGS seeks two forms of relief: (1) enforcement of the judgment against Tempus from the New York lawsuit; and (2) entry of a separate judgment in the amount of $423,343.61 against Tempus. ECF No. 1 at 3–4. For the following reasons, EGS may enforce the judgment in the New York lawsuit against Tempus in Newport News, but is not entitled to a judgment that is distinct from the New York judgment from this Court.

**A. Jurisdictional Issues**

The Constitution provides that full faith and credit shall be given to judicial proceedings in other states and empowers Congress to develop procedures that govern the enforcement of judgments. U.S. CONST. art. IV, § 1. Pursuant to this constitutional provision, federal courts have the statutory duty to give full faith and credit to any duly authenticated judgments of courts of any "State, Territory or Possession" of the United States. 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("a federal court must give to a state-court

judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered"). Generally, full faith and credit requires the enforcement of a state court judgment "unless it is shown that the judgment was entered without jurisdiction." *Midessa Television Co. v. Motion Pictures for Television, Inc.*, 290 F.2d 203, 204 (5th Cir. 1961). Federal courts enforcing state court judgments must have jurisdiction over the relevant party. *Continental Cas. Co. v. Argentine Republic*, 839 F. Supp. 2d 747, 753 (E.D. Va. 2012).

The Complaint clearly advances allegations that satisfy the statutory requirements for diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (requiring an amount in controversy that exceeds $75,000 and complete diversity for subject matter jurisdiction to exist); ECF No. 1 at ¶¶ 1–4, 9 (listing the amount in controversy at $423,343.61 and pleading complete diversity); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006) (requiring federal courts to consider subject matter jurisdiction at any stage in the litigation). EGS has also provided the Court with an attested copy of the judgment from the New York lawsuit, as required by 28 U.S.C. § 1738, which also verifies the existence of subject matter jurisdiction. ECF No. 1-2. Therefore, the Court has subject matter jurisdiction over the instant case.

This Court also has general personal jurisdiction over Tempus and venue is proper. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984) (noting that general jurisdiction exists when a defendant is at home in a federal judicial district); 28 U.S.C. 1391(b)(1) (providing that venue is proper when a defendant resides in the relevant judicial district). Because the Complaint alleges that Tempus is at home in Newport News, Virginia, this Court has personal jurisdiction over Tempus and venue is proper in the Eastern District of Virginia. ECF No. 1 at ¶¶ 4–5.

Likewise, the Court finds no jurisdictional issue that could render the judgment issued in

4

the New York lawsuit invalid. The judgment from the New York lawsuit and the factual allegations in the Complaint support the inference that EGS provided Tempus with legal services for its business in New York. Therefore, the New York court had specific personal jurisdiction over Tempus in the New York lawsuit. *See generally Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) (discussing the requirements of specific personal jurisdiction).

In sum, the Court finds no issues that could invalidate the judgment of the state court in the New York lawsuit or prevent this Court from exercising jurisdiction over the instant case.

**B. Scope of the Available Relief**

Though the Court's exercise of jurisdiction over the instant case is proper, an examination of the scope of relief sought is still required.

Notwithstanding the full faith and credit obligation, there is no statutory procedure that empowers federal courts to register state court judgments, thereby adopting a state court judgment as a federal court judgment. *W.S. Frey Co. v. Precipitation Assocs. of Am., Inc.*, 899 F. Supp. 1527 (W.D. Va. 1995) ("Registration makes the judgment of another court one of the registering court...crediting it with more than preclusive effect [and] transforming it into a judgment of the [federal court]"); *see also* 28 U.S.C. § 1963 (providing for the registration of judgments issued in federal district courts or the Court of International Trade in another federal district court). Accordingly, "the proper treatment of a state court judgment by a federal court is not recognition, or registration, but enforcement." *Continental Cas. Co. v. Argentine Republic*, 839 F. Supp. 2d 747, 753 (E.D. Va. 2012). In other words, "a judgment of a state court may be sued on as a cause of action in a federal court having jurisdiction," but the relief available in such a lawsuit is limited to enforcement of the state court judgment as provided by the law of the issuing state. *Id. citing* 50 C.J.S. Judgments § 1364 (2012); Charles A. Wright, Arthur R. Miller,

& Edward H. Cooper, 18B Fed. Prac. & Proc. Juris. § 4469, at 79 (2d ed.).

Based on the full faith and credit afforded to state court judgments, the judgment issued in the New York lawsuit against Tempus may be enforced in Newport News. Tempus is also precluded from disputing the merits of the New York lawsuit in any proceeding before this Court. However, the Court cannot enter its own judgment against Tempus, upset the terms of the judgment issued by the New York court, or register the judgment in the New York lawsuit as a federal judgment. In other words, nothing in this Order alters or supersedes the judgment in the New York lawsuit and its terms remain controlling in any enforcement pursued in this venue. Further, EGS may *not* attempt to register this Order in another federal court as an enforceable federal judgment under 28 U.S.C. § 1963. *See W.S. Frey Co.*, 899 F. Supp. At 1528 (discussing the motive to circumvent state registration processes by converting a state judgment into a federal judgment enforceable in other federal district courts).

## C. The Rule 62(a) Stay

EGS seeks dissolution of the automatic stay generally applicable to execution on federal court judgments and proceedings to enforce them.

Fed. R. Civ. P. 62(a) imposes an automatic 30 day stay of the execution or enforcement of a default judgment order. However, courts are empowered to dissolve or supersede the automatic stay, especially if there may be a risk that the judgment debtor's assets will be dissipated or the judgment does not involve a payment of money. FED. R. CIV. P. 62(a) advisory committee's notes (2018).

This case does not involve the issuance of a new judgment against Tempus and EGS has not demonstrated that Tempus assets are at risk of dissipation in the next 30 days. *See supra* Part III.B. Accordingly, the Court declines to dissolve the 30 day period generally applicable to the

enforceability of final judgments issued by a federal district court.

## IV. CONCLUSION

For the reasons stated herein, EGS's Motion for Default Judgment is **DENIED** to the extent EGS seeks new judgment from this Court based on the relief previously provided in the New York lawsuit. However, EGS's plea to enforce the judgment of the court in the New York lawsuit is **GRANTED** and shall be enforceable 30 days from the date of this Order. EGS's Motion to Dissolve is **DENIED**.

**IT IS SO ORDERED.**

Newport News, Virginia
August 20, 2020

Raymond A. Jackson
United States District Judge